IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARKEL AMERICAN INSURANCE COMPANY,

Plaintiff,

v.                                                  Case No.: 2:12-cv-80

JOHN E. NORRIS, DAVIS & NORRIS, LLP,
T. C. D., by and through his father and next
friend, CHRISTOPHER SCOTT DAMRON,

Defendants.
_____/

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, MARKEL AMERICAN INSURANCE COMPANY ("MAIC"), through undersigned counsel files this Complaint for Declaratory Relief against Defendants, JOHN E. NORRIS ("Mr. Norris"), DAVIS & NORRIS, LLP, ("Davis & Norris") T. C. D., by and through his father and next friend, CHRISTOPHER SCOTT DAMRON, ("Damron") and states as follows:

### FACTS

1. This is an action for declaratory judgment pursuant to 28 U.S.C. §§ 2201-02 and Fed. R. Civ. P. 57.

2. Upon information and belief the amount in controversy exceeds $75,000.

3. MAIC is a Virginia corporation with its principal place of business in Glen Allen, VA.

4. MAIC issued and delivered a Policy of Insurance, covering a 22' 2005 Chaparral boat, to Davis & Norris, LLP.

1

5. Upon information and belief Davis & Norris, LLP is an entity located in Jefferson County, Alabama.

6. Upon information and belief, on July 1, 2011, the insured vessel was involved in an accident in Elmore County, Alabama, while being operated by John E. Norris.

7. On August 18, 2011, a lawsuit was filed by Damron against John E. Norris allegedly arising out of that accident in the Circuit Court in and for Elmore County, Alabama, under Case Number 29-CV-2011-900259.00 ("the Underlying Complaint"). (Complaint, attached hereto as Exhibit "A.")

8. Upon information and belief, Mr. Norris is a resident of Jefferson County, Alabama.

9. The allegations in the Underlying Complaint are that Mr. Norris "operated his boat in an unsafe manner, in the dark and under the influence of alcohol." (Compl., Ex. "A").

10. Upon information and belief, Defendants Christopher Scott Damron and his son T. C. D. are both residents of Limestone County, Alabama. (Compl., Ex. "A.")

## JURISDICTION

11. Venue in the Middle District is proper because a substantial part of the events giving rise to the claim occurred in Elmore County, Alabama. 28 U.S.C. §1391(a).

12. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1); all Plaintiffs and Defendants have complete diversity of citizenship and upon information and belief the amount in controversy exceeds $75,000.

## THE POLICY

13. MAIC issued a "Markel Boat Policy" of insurance numbered MSB00000141087 ("The Policy") to Davis & Norris, LLP, relative to its 22' 2005 Chaparral 210 SSI pleasure craft

bearing hull identification number FGB43244D505 for the policy period of March 29, 2011, through March 29, 2012. (A copy of the insurance policy is attached hereto and incorporated as Exhibit "B").

14. The coverage provided by The Policy is subject to its terms, endorsements and exclusions, which in pertinent part read as follows:

### INSURING AGREEMENT

In return for the premium payment and compliance with all applicable provisions of this policy and any endorsements, we agree to provide the insurance coverages as shown on the Declarations Page, which is part of this policy.

\*\*\*\*

### DEFINITIONS

Throughout this policy, most words and phrases that have special meanings appear in **bold**. Only the pronouns "we", "our", "us", "you" and "your" are defined, but do not appear in **bold**. This section defines some of the more general terms used in this policy. Bold terms that are not listed in this section are defined within the sections they appear.

1. You and your refer to the 'Insured' named on the Declarations Page and your spouse if a **resident** of the same household.

\*\*\*\*

4. **Bodily injury** means physical injury, sickness or disease sustained by a person including death resulting from any of these.

\*\*\*\*

8. **Family member** means any person related to you by blood, marriage, or adoption (including a ward or foster child) who is also a resident of your household.

9. **Insured** means you and any person, firm, corporation or legal entity that may be operating the **insured watercraft** with your prior permission.

\*\*\*\*

10. **Insured watercraft** means: (a) the watercraft and motor(s) shown on the Declarations Page, including spars, sails, machinery and equipment necessary for the safe operation and maintenance of the watercraft; or (b) a **newly acquired watercraft**.

\*\*\*\*

14. **Occurrence** means a single event or an accident or series of accidents caused by a single event.

15. **Property damage** means damage to tangible property.

\*\*\*\*

### GENERAL EXCLUSIONS

No coverage is provided under this policy for loss or damage, liabilities incurred by any person, injury or damages or expenses of any type for loss caused by, resulting from or arising out of:

\*\*\*\*

3

6. Willful or intentional misconduct or criminal act on the part of any **insured** or during any illegal activity on the party of any **insured**. This exclusion includes loss, damage, injury or liability occurring while an **insured** is operating the **insured watercraft** with a blood or breath alcohol level equal to or in excess of the legal limit applicable for the operation of motor vehicles in the state where you reside.

\*\*\*\*

### WATERCRAFT LIABILITY

Coverage

We will cover damages for **bodily injury** or **property damage** for which an insured becomes legally liable through ownership, maintenance, or use of the **insured watercraft**, or through a non-owned watercraft being operated by you with the owner's permission.

\*\*\*\*

Defense

We have the right and duty to defend any suit to which this insurance applies. However, we may investigate and settle any claim or suit at our discretion. Our duty to defend any claim or suit ends when the amount we pay, or tender to the Court of Jurisdiction for any pending litigation on your behalf, for damages resulting from the **occurrence** equals the limit for 'Watercraft Liability' shown on the Declarations Page.

If suit is brought against you for claims falling within the coverage provided under the policy, seeking both compensatory and punitive or exemplary damages, we will afford a defense to such action; however, we will not have any obligation to pay for any costs, interest, or damages attributable to punitive or exemplary damages.

\*\*\*\*

(The Policy, Ex. "B").

15. Under the plain and unambiguous terms of the General Exclusions, no coverage is provided under the Policy for any injury, damages, or expenses arising out of any criminal activities on the part of any insured or which occur during any illegal activity.

16. The General Exclusions also specifically excludes coverage for any liability that arises out of an insured's operation of the vessel with a blood alcohol level equal to or above the legal limit in Alabama, which is the insured's state of residence.

17. The allegations contained within the Complaint against Mr. Norris are that Mr. Norris breached his duty to operate the watercraft in a reasonably safe manner by "negligently

and/or wantonly operating his boat **under the influence of alcohol**" and that act caused the injury. (Complaint, ¶¶ 10, 11, Ex. "A.") (emphasis added).

18. Under Alabama law it is a criminal act to operate a vessel while "under the influence of alcohol." *See* Ala. Code §§ 13A-1.2(4), 32-5A-191.3(a) and 32-5A-191

19. Because the allegations that Mr. Norris was operating the vessel "under the influence of alcohol" constitute a criminal act, there is no coverage for the injuries to Damron that allegedly arose out of that criminal act.

20. Separately, as the injuries sustained in the underlying complaint occurred during the illegal act of driving under the influence, there is no coverage for the injuries that occurred during that illegal act.

21. Because there is no coverage for those actions there is no requirement for MAIC to defend the underlying complaint.

22. Finally, in Alabama the legal blood alcohol content limit for the operation of a motor vehicle or watercraft is .08. Ala. Code § 32-5A-191(a)(1).

23. Upon information and belief Mr. Norris' blood alcohol content at the time of the accident exceeded Alabama's legal limit for the operation of a watercraft.

24. Mr. Norris' operation of the boat while having a blood alcohol level above the legal limit is a criminal act under Alabama law and therefore, pursuant to the terms of the General Exclusion, there is no coverage for injuries arising out of that criminal act.

25. Because there is no coverage, there is no duty on the part of MAIC to defend against those allegations or provide indemnify for those claims.

26. MAIC has agreed to provide a defense to the litigation pursuant to a reservation of rights while it has this Court determine its duty to defend and indemnify its insured.

**WHEREFORE**, MAIC requests that this Court enter a Declaratory Judgment that the Markel Boat Policy does not provide coverage for the damages alleged in the Underlying Complaint as they arose out of the criminal activities of the insured, that MAIC has no duty to defend or indemnify against the allegations contained within the Underlying Complaint and award MAIC any further relief the Court deems just and proper under the circumstances.

**DATED** this **25th** day of **January, 2012.**

Respectfully submitted,

_____
Benjamin J. Zimmern, Alabama Bar No.: ZIM010
Galloway, Johnson, Tompkins, Burr & Smith, PLC
106 St. Francis Street, Suite 502
Mobile, Alabama 36602
(251) 438-7850 Telephone
(251) 438-7875 Facsimile
*Counsel for Markel American Insurance Company*