IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARKEL AMERICAN INSURANCE COMPANY, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CASE NO. 2:12-cv-80-MEF (WO – Do Not Publish) |
| JOHN E. NORRIS, *et al.*, ) ) | |
| Defendants. ) | |

## **ORDER**

This is an action for a declaratory judgment in which Plaintiff Markel American Insurance Company ("Markel") seeks a ruling that it owes no coverage to the Defendants under a boat insurance policy (the "Policy") for liability arising out of a boating accident that occurred on or around July 1, 2011. Markel also seeks a ruling that it has no duty to defend or indemnify Defendants in the state court lawsuit (the "underlying action") arising from the July 1, 2011 accident. Trial in this case is scheduled for July 15, 2013.

Now before the Court is Markel's unopposed Motion for Continuance (Doc. #50), in which Markel asks the Court to rescind the Scheduling Order in this case and require the parties to conduct a new Rule 26(f) conference to establish new deadlines and a new trial date. As grounds for its motion, Markel states that the trial in the underlying action has been continued (*see* Doc. #50-2), with the result that trial in the underlying action will now occur after trial in the present action. Markel has also filed a Motion for Summary Judgment in this action (Doc. #32), which Markel asserts could fully resolve the issue of coverage under the Policy. However, in the event that Markel's summary judgment motion does not fully resolve this case, complete resolution of this action would need to occur after the trial in the underlying case. *See Allstate*

*Indem. Co. v. Lewis*, 985 F. Supp. 1341, 1349 (M.D. Ala. 1997) ("[T]he duty to indemnify is not ripe for adjudication until the insured is in fact held liable in the underlying suit."); *State Farm Fire and Cas. Co. v. Myrick*, No. 2:06-cv-359-WKW, 2007 WL 3120262, at *2 (M.D. Ala. Oct. 23, 2007) ("[C]ourts have declined to exercise their discretion under the Declaratory Judgment Act [in cases involving insurance coverage] to decide questions about the duty to indemnify when the underlying action is pending.").

In light of the foregoing, the Court finds good cause exists to continue the pretrial conference and trial dates in this case and that Markel's Motion for Continuance (Doc. #50) is due to be GRANTED in part and DENIED in part. It is granted to the extent that it requests that the Court continue generally the pretrial and trial dates and order the parties to conduct a scheduling conference to establish a new trial date and related deadlines, but it is denied to the extent that it asks the Court to rescind the Scheduling Order entered in this case. Accordingly, it is hereby ORDERED that:

(1) All remaining deadlines in the Scheduling Order (Doc. #33), including the pretrial conference and trial dates, are CONTINUED GENERALLY;

(2) The parties shall meet in person on or before **April 11, 2013**, to conduct the conference required by Rule 26(f) to reestablish deadlines and a trial date for this action; and

(3) The parties shall file, on or before **April 25, 2013**, a report of the parties' planning meeting, which proposes a new trial date and related deadlines, and which informs the Court of the new trial date in the underlying case. The report of the parties should comply with Form 52 of the Appendix of Forms to the Federal Rules of Civil Procedure. Upon receipt of the parties' report, the Court will enter an Amended Scheduling Order.

DONE this the 15th day of March, 2013.

/s/ Mark E. Fuller
UNITED STATES DISTRICT JUDGE