IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARKEL AMERICAN INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CASE NO.: 2:12-cv-80-MEF ) (WO – Do Not Publish) |
| JOHN E. NORRIS, *et al.,* | ) ) |
| Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Markel American Insurance Company ("Markel"), who issued an insurance policy on a motorboat to Defendants John E. Norris ("Norris"), and Norris's law firm, Davis & Norris, LLP ("Davis & Norris") (collectively, "Defendants"), has filed suit seeking a declaratory judgment that it has no duty to defend its insureds in a state-court action arising out of a boating accident that happened in July 2011 while Norris was operating the boat. It also seeks a declaration that it owes Defendants no duty to indemnify under the insurance policy. Now before the Court is Markel's Motion for Summary Judgment (Doc. #32). After consideration of the arguments of the parties, the relevant case law, and the record as a whole, the Court finds that Markel's motion is due to be GRANTED IN PART and DENIED IN PART for the reasons set forth below.

### I. JURISDICTION AND VENUE

The Court has subject-matter jurisdiction over this lawsuit pursuant to 28 U.S.C. §

1332 (diversity).[1]  The parties do not contest personal jurisdiction or venue, and the Court finds adequate allegations supporting both.

## II. SUMMARY JUDGMENT STANDARD

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  An issue of fact is genuine if the record as a whole could lead a reasonable trier of fact to find for the non-moving party.  An issue is material if it might affect the outcome of the case under the governing law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323 (quotation omitted).  The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322–23.

After the movant satisfies this requirement, the burden shifts to "the adverse party

---

[1] Plaintiff Markel is a Virginia company with its principal place of business in Virginia.  All Defendants are citizens of Alabama.  (Compl. ¶ 1.)  The Court is satisfied that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs.

[who] must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250 (quotation omitted). "[T]his standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. . . . ." *Id.* at 247–48. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "All reasonable inferences arising from the undisputed facts should be made in favor of the non-movant, but an inference based on speculation and conjecture is not reasonable." *Blackston v. Shook & Fletcher Insulation Co.,* 764 F.2d 1480, 1482 (11th Cir. 1985) (citation omitted).

### III. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Markel issued an insurance policy (the "Policy") to Davis & Norris on March 29, 2011, that provided coverage for a 22-foot Chaparral sportboat that belonged to the firm. The Policy was in force from March 29, 2011, through March 29, 2012. The Policy contained the following exclusion from coverage:

> No coverage is provided under this policy for loss or damage, liabilities incurred by any person, injury or damages or expenses of any type for **loss caused by, resulting from or arising out of:**
> ***
> Willful or intentional misconduct or criminal act on the part of any **insured** or during any illegal activity on the party of any **insured**. This exclusion includes loss, damage, injury or liability occurring while an **insured** is operating the **insured watercraft** with a blood or breath alcohol level equal to or in excess of the legal limit applicable for the operation of motor vehicles in the state where you reside.

(Doc. #32, Ex. "A") (emphasis in original).

On the night of July 1, 2011, the boat, which was driven by Norris, collided with another boat on Lake Martin in Elmore County, Alabama.  Upon collision, Defendant T.C.D., a minor, was allegedly thrown into the water and run over by Norris's boat, which lacerated his right leg and crushed his right ankle.  Norris was later charged with two felonies, boating under the influence of alcohol and first degree assault (for the injuries to T.C.D.).  Norris was also charged with a misdemeanor (third degree assault), as well as three other boating violations.

On June 25, 2012, in the Circuit Court of Elmore County, Norris pled guilty to the charge of boating under the influence and two charges of third degree assault.  In his plea, Norris certified to the court that he was guilty of the charges to which he was pleading, that he desired to plead guilty, that he made up his own mind to plead guilty, and that he knowingly, intelligently, and voluntarily waived his right to a trial in this case. Norris signed an acknowledgment which read, in part, "I AM ENTERING A PLEA OF GUILT AND/OR DISMISSING MY APPEAL BECAUSE I AM GUILTY OF THE OFFENSE(S) AND FOR NO OTHER REASON." (Doc. #37, Ex. A.)   Norris was sentenced to 24 months unsupervised probation and fined $1,800.00.

On August 11, 2011, T.C.D. filed a lawsuit (the "underlying suit") against Norris by and through his father, Christopher Scott Damron ("Damron"), seeking damages for the injuries caused by Norris's operation of the boat "in an unsafe manner, in the dark and under the influence of alcohol."  (Underlying Compl. ¶ 8, Doc. #32-2.).

## IV. DISCUSSION

Markel argues that the Policy expressly excludes from coverage any injuries that arise out of an insured's illegal or criminal acts. Specifically, the exclusion applies to any "criminal act on the part of any insured or during any illegal activity on the party [sic] of any insured," (Pl.'s Ex. A, Doc. # 32-1), which Markel contends includes boating under the influence. In Alabama, boating under the influence is a criminal act. *See* Ala. Code § 32-5A-191.3. Therefore, Markel argues that an individual charged with boating under the influence in violation of § 32-5A-191.3 is excluded from coverage for any injuries that arise out of or occur while the insured was engaged in such boating, and thus, Defendants are not entitled to a defense or indemnification from Markel. The Court agrees.

### A. The Exclusion for Liability Based on Criminal Activity

Generally, under Alabama law,[2] the insured bears the burden of establishing coverage by showing that his or her claim falls within the policy, *see Colonial Life & Accident Insurance Company v. Collins,* 194 So. 2d 532, 535 (Ala. 1967), while the insurer bears the burden of proving the applicability of any policy exclusion. *See U.S. Fidelity & Guar. Co. v. Armstrong*, 479 So. 2d 1164, 1168 (Ala. 1985). If a policy is ambiguous, it must be construed liberally in favor of the insured, and exceptions to coverage must be interpreted as narrowly as possible in order to provide maximum coverage to the insured. The language

---

[2] Because the Court has jurisdiction in this case based on diversity of citizenship, the Court must apply the substantive law of the forum state–in this instance, Alabama. *See Gasperini v. Center of Humanities, Inc.,* 518 U.S. 415, 427 (1996).

5

in an exclusionary provision should be given the same meaning "that a person of ordinary intelligence would reasonably give it." *Safeway Ins. Co. of Ala. v. Herrera*, 912 So. 2d 1140, 1143 (Ala. 2005). However, if the policy is unambiguous, the insurance contract must be enforced as written; courts should not defeat express provisions of the contract, including exclusions from coverage, by making a new contract for the parties. *Id.*

### 1. Duty to Defend

"An insurance company's duty to defend its insured is determined by the language of the insurance policy and by the allegations in the complaint giving rise to the action against the insured." *Ajdarondini v. State Auto Mut. Ins. Co.*, 628 So. 2d 312, 313 (Ala. 1993). The plain, unambiguous language of the policy denies coverage for injuries that arise out of or occur while an insured is engaged in illegal or criminal acts. The underlying complaint alleges that T.C.D.'s injuries were caused by Norris's operation of the boat under the influence of alcohol—a criminal act. Moreover, it is undisputed that Norris pled guilty to and was convicted of the crime of boating under the influence in connection with the boating accident that allegedly caused T.C.D.'s injuries. Thus, the Court finds that Markel has no duty to defend T.C.D.'s lawsuit.

Norris contends that he was not boating under the influence at the time of the July 1, 2011 accident even though he pled guilty to and was convicted of that crime in the Circuit Court of Elmore County, Alabama. In essence, Norris asks the Court to ignore his guilty plea and conviction for the crime of boating under the influence for purposes of this action and find that a genuine issue of material fact exists as to whether he was actually under the

6

influence of alcohol the night of the accident.

The Court will not do so. Norris's argument ignores the rule that "[w]here a guilty plea is accepted and entered by the court, it is a conviction of the highest order, and is an admission, of record, of the truth of whatever is sufficiently charged in the indictment." *Ex parte Howard*, 710 So. 2d 460, 465 (Ala. 1997) (internal quotations omitted). Thus, "[a] guilty plea is as conclusive as a verdict of a jury; it admits all material fact averments of the accusation, leaving no issue for the jury." *Id.* (citations omitted). Indeed, in *Boykin v. Alabama,* 395 U.S. 238, 242 (1969), the United States Supreme Court stated: "A plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment." In other words, "[i]t supplies both evidence and verdict, ending controversy." *Woodard v. State,* 171 So. 2d 462, 469 (Ala. 1965) (citations omitted). Thus, Mr. Norris's criminal conviction for boating under the influence on July 1, 2011, sufficiently establishes that Norris was engaged in a criminal act at the time of the accident, and under the exclusions of the Policy, Markel has no duty to defend him for any injuries arising out of this criminal act.

### 2.   **Duty to Indemnify**

While the existence of a duty to defend may be established by the allegations made in the underlying state court complaint, the insurer's duty to indemnify cannot be determined at a preliminary stage in the proceedings. "[T]he duty to indemnify is not ripe for adjudication until the insured is in fact held liable in the underlying suit." *Nationwide Ins. v. Zavalis*, 52 F.3d 689, 693 (7th Cir. 1995); *State Farm Fire & Cas. Co. v. Middleton*, 65

F. Supp. 2d 1240, 1248 (M.D. Ala. 1999); *State Auto Property & Cas. Ins. Co. v. Calhoun*, No. 2:05-cv-122-F, 2005 WL 2406055, at *6–7 (M.D. Ala. Sept. 29, 2005); *Allstate Indem. Co. v. Lewis*, 985 F. Supp. 1341, 1349–50 (M.D. Ala. 1997); *Auto-Owners Ins. Co. v. Toole,* 947 F. Supp. 1557, 1565–66 (M.D. Ala. 1996); *Guaranty Nat'l Ins. Co. v. Beeline Stores, Inc.*, 945 F. Supp. 1510, 1514–15 (M.D. Ala. 1996).  This is because the plaintiff in the underlying suit may still change the theory of liability and assert a claim that is covered by the policy at issue.  *Ladner & Co. v. Southern Guar. Ins. Co.*, 347 So. 2d 100, 104 (Ala. 1977).

As this lawsuit has been brought in federal court pursuant to the Declaratory Judgment Act,[3] the issue of ripeness must be decided in view of the Constitution's restriction on the exercise of federal judicial power to "cases" and "controversies."  U.S. Const. art. III § 2. The Declaratory Judgment Act, "in its limitation to 'cases of actual controversy,' manifestly

---

[3] The Declaratory Judgment Act provides:

(a) In a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986, a proceeding under section 505 or 1146 of title 11, or in any civil action involving an antidumping or countervailing duty proceeding regarding a class or kind of merchandise of a free trade area country (as defined in section 516A(f)(10) of the Tariff Act of 1930), as determined by the administering authority, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.
(b) For limitations on actions brought with respect to drug patents see section 505 or 512 of the Federal Food, Drug, and Cosmetic Act.

28 U.S.C. § 2201.

has regard to the constitutional provision." *Auto-Owners Ins. Co.,* 947 F. Supp. at 1565 (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937)). "[T]he question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* at 1566 (citing *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

Additionally, the Declaratory Judgment Act states that a court "*may* declare the rights and other legal relations of any interested party seeking this declaration." 28 U.S.C. § 2201 (emphasis added). The Supreme Court has characterized the Declaratory Judgment Act as conferring "a discretion on the courts rather than an absolute right upon the litigant." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995).

> There is . . . nothing automatic or obligatory about the assumption of "jurisdiction" by a federal court to hear a declaratory judgment action. . . . In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration.

*Wilton*, 515 U.S. at 288 (quoting E. Borchard, Declaratory Judgments 313 (2d ed. 1941)). District courts are vested with such broad discretion "because facts bearing on the usefulness of the declaratory judgment remedy, and the fitness of the case for resolution, are peculiarly within their grasp." *Id.* at 289.

Here, if Norris were to prevail in the underlying lawsuit, which is still pending in state court, the issue of whether Markel must indemnify Norris would be moot, thus the Court would never have to reach the issue. Moreover, the claims are not ripe because until the plaintiff in the underlying suit's claims against Norris are resolved, it cannot be known on

9

what grounds Norris was found to be liable to the plaintiff in the underlying suit, and this impairs this Court's ability to determine whether Markel's duty to indemnify Norris under the Policy has been triggered. Therefore, the Court holds that the issue of indemnification is not sufficiently ripe to present a "case" or "controversy," and consequently, will not be considered at this stage of the proceedings.

**B.     Collateral Estoppel**

Finally, Norris claims that Markel, while not expressly mentioning collateral estoppel, relies on this legal principle in its summary judgment motion in an attempt to give preclusive effect to Norris's prior plea of guilt and subsequent conviction of boating under the influence. The Court disagrees. It is true that the law is well-established that "the conviction of a criminal charge . . . is not to be conclusive of the facts of which [the defendant] was convicted when such fact is an issue in a civil case, in which the state or government securing the conviction is not a party." *Fidelity Phenix Ins. Co. of N.Y. v. Murphy*, 146 So. 387, 393 (Ala. 1933). However, there is no wolf in sheep's clothing here. Nowhere within Markel's summary judgment motion is the collateral estoppel principle being disguised. Markel is not attempting to prove that Norris was *in fact* boating under the influence on July 1, 2011. Instead, Markel relies on the allegations in the underlying action and Norris's guilty plea and conviction to establish its legal right to remove itself from defending the underlying litigation based on an exclusionary clause in the Policy.[4] Therefore, the doctrine of collateral estoppel does not prevent the Court from determining Markel's duty to defend and indemnify.

---

[4] Courts consistently rely on previous convictions to determine questions of an insurer's duty to defend and indemnify the insured in subsequent civil proceedings. *See Horace Mann Ins. Co. v. Fore*, 785 F. Supp 947 (M.D. Ala. 1992) (relying on criminal conviction of the insured to grant summary judgement); *Hooper v. Allstate Ins. Co.*, 571 So. 2d 1001, 1003 (Ala. 1990) (same); *Alfa Specialty Ins. Co. v. Jennings*, 906 So. 2d 195, 202-03 (Ala. Civ. App. 2005) (same).

## V. CONCLUSION

For the reasons set forth above, it is hereby ORDERED as follows:

1. The Motion for Summary Judgment (Doc. # 32) filed on September 21, 2012, by Markel is GRANTED in part and DENIED in part. As to the declaratory judgment Markel seeks with respect to its duty to defend under the insurance policy, the motion for summary judgment is GRANTED, and Markel has no duty to defend the underlying litigation. With respect to the declaratory judgment Markel seeks with respect to its duty to indemnify, the motion for summary judgment is DENIED, as this claim is not yet ripe of adjudication.

2. All of Markel's claims relating to a declaration concerning its duty to indemnify are DISMISSED without prejudice as premature.

DONE this the 3rd day of September, 2013.

                                                  /s/ Mark E. Fuller
                                        UNITED STATES DISTRICT JUDGE